UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-1909 PA (MAAx) | Date | January 9, 2026 |
|---|---|---|---|
| Title | Justin John v. Droppin HZ Car Audio LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**    IN CHAMBERS - COURT ORDER

On November 5, 2025, plaintiff Justin John ("Plaintiff") filed a request for entry of default by the clerk seeking the default of defendant Droppin HZ Car Audio LLC ("Defendant"). The Clerk entered Defendant's default on November 5, 2025.  The Court, in a November 6, 2025 Minute Order, ordered Plaintiff to file a motion for default judgment, or other appropriate dispositive motion on or before December 30, 2025.  The Court warned that the "[f]ailure to file said dispositive motion by December 30, 2025, will result in dismissal without further notice by the Court." (Docket No. 15.)  As of today's date, and despite the expiration of the deadline to do so, Plaintiff has not filed a Motion for Default Judgment.

The Court may dismiss with prejudice an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629-30; Yourish, 191 F.3d at 987-88; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal warrant special focus on the fifth Henderson factor.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 25-1909 PA (MAAx) | Date | January 9, 2026 |
|---|---|---|---|
| Title | Justin John v. Droppin HZ Car Audio LLC | | |

    Here, an evaluation of the Henderson factors ultimately weighs in favor of the Court's decision to dismiss Plaintiff's claims. In assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id. ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The third Henderson factor at least marginally favors dismissal because the defendant may be further prejudiced unless the claims against him are dismissed. See Yourish, 191 F.3d at 991. Finally, in considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to file a response by the deadline stated in the Court's Order. Nevertheless, Plaintiff has taken no action whatsoever. Because the Court has adopted the "less-drastic" sanction of dismissal without prejudice, the fifth Henderson factor favors dismissal. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

    The Court finds that Plaintiff has abandoned this action and failed to comply with the Court's Order. The Court therefore dismisses Plaintiff's claims without prejudice for lack of prosecution and for failure to comply with a Court order. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

    IT IS SO ORDERED.